F I L E

FEB 1 4 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| KENNETH NEWKIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13CV364–HEH |
| | ) | |
| LOUIS LERNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
### (Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Kenneth Newkirk, a Virginia inmate proceeding *pro se* and *in forma pauperis*,

filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A.   Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss

any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2)

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28

U.S.C. § 1915A.  The first standard includes claims based upon "'an indisputably

_____

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or
causes to be subjected, any citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party injured in an
action at law . . . .

42 U.S.C. § 1983.

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

2

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## B.    Summary of Allegations

Newkirk is currently detained pending his trial in the Circuit Court for the City of Hampton ("Circuit Court") for first-degree murder and shooting/stabbing in commission of a felony. *See Newkirk v. Lerner*, No. 3:13CV570–HEH, 2013 WL 4811219, at *1 (E.D. Va. Sept. 9, 2013). Newkirk's trial for the foregoing charges is currently set to

begin on March 11, 2014.[2]  In a rambling and incoherent Complaint, Newkirk alleges that

Judge Louis Lerner, Commonwealth's Attorney Anton Bell, defense counsel George

Rogers, Clerk of the Circuit Court Linda Smith, Detective Rodey, attorney Charles

Haden, two apparent witnesses, Debra Monae Waters and Thomas Sherrad Kearney, and

a journalist with the *Daily Press* newspaper, Ashley Kelly, committed various errors in

his criminal prosecution.  (Compl. 2–3.)

Newkirk demands "$500,000,000,000,000" from each defendant, injunctive relief,

and dismissal of the pending criminal charges. (Compl. 6.)   As explained below,

Newkirk's Complaint will be dismissed.

### C.    Analysis

#### 1.    Persons Not Amenable to Suit Under § 1983

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that

a person acting under color of state law deprived him or her of either a constitutional

right or a right conferred by a law of the United States. *See Dowe v. Total Action Against

Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).

Defendants George Rogers, Charles Haden, Debra Monae Waters, Thomas Sherrad

Kearney, and Ashley Kelly are not persons under § 1983 and are not amenable to suit.

---

[2] *See* http://www.courts.state.va.us/courts/circuit/hampton (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Hampton Circuit" from drop-down menu and follow "Begin" button; type "Newkirk, Kenneth," and then follow "Search by Name" button; then follow hyperlinks for "CR11000878–00" and "CR11000878–01").

### a. Defense Counsel Rogers and Haden

Newkirk states "every [sic] 2011 I've been trying to fire standbye [sic] counsel George Rogers[.] He has forced himself on my case. 6th Amendment." (Compl. 5.) For Defendant Charles Haden, Newkirk states: "Lawyer. May 2011- refused to file an appeal -violation of my Sixth Amendment." (*Id.*) Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Newkirk's claims against Defendants Rogers and Haden will be dismissed.

### b. Witnesses and Journalist

Newkirk also names as defendants two apparent witnesses to the events surrounding his pending criminal charges, Debra Monae Waters and Thomas Sherrad Kearney. Newkirk contends that each provided "insufficient" testimony and statements to police causing Newkirk's "unlawful imprisonment." (Compl. 5.) Newkirk also names Ashley Kelly, a journalist for the *Daily Press* newspaper, for "print[ing] wrong and unauthorized information." (Compl. 5.) Newkirk fails to allege any facts suggesting that Defendants Waters, Kearney, and Kelly were acting under color of state law. *See Dowe*, 145 F.3d at 658. Thus, Newkirk's claims against Defendants Waters, Kearney, and Kelly will be dismissed.

### 2.    Prosecutorial Immunity

Prosecutorial immunity bars Newkirk's claims against Defendant Bell. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273.

Newkirk vaguely states that Defendant Bell "withheld exculpatory, impeachment evidence." (Compl. 5.)[3] Newkirk fails to allege that Defendant Bell's actions in Newkirk's pending criminal proceedings were actions taken outside of his role as an advocate for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Thus, Newkirk's claim against Defendant Bell is foreclosed.

---

[3] The Court corrects the capitalization in the quotations from Newkirk's Complaint.

### 3.   Judicial and Quasi-Judicial Immunity

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir.1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir.1995)). Judges are entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two exceptions apply to judicial immunity:  (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted).  Neither exception applies in this instance.

Newkirk alleges that Defendant Lerner "forced a standbye [sic] attorney on [Newkirk's] case" and allowed the Commonwealth "to withhold exculpatory, impeachment evidence." (Compl. 5.)  Newkirk also claims that during a June 27, 2012, "recusal hearing Judge Louis Lerner stated 'federal law don't apply to him.'  He also stated 'he will only recuse himself if he's criminally charged.'" (*Id.*)  Newkirk fails to allege that Defendant Lerner's conduct and statements fall under either exception to judicial immunity.  Newkirk alleges neither that Judge Lerner's actions and statements

amounted to a nonjudicial action or that Defendant Lerner acted in the complete absence of all jurisdiction. Because Defendant Lerner is entitled to judicial immunity, Newkirk's claims against Defendant Lerner will be dismissed.

Judicial immunity also applies to quasi-judicial officers acting pursuant to court directives. *See Butler v. Johnson*, No. 1:07cv1196 (GBL/TRJ), 2007 WL 4376135, at *3 (E.D. Va. Dec. 12, 2007) (citing *Lockhart v. Hoenstine*, 411 F.2d 455 (3d Cir. 1969)). "Quasi-judicial" immunity shields court officers from "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts . . . ." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (citation omitted) (internal quotation marks omitted); *see McCray*, 456 F.2d at 5 n.11 (holding that clerks have "derivative immunity" when they act under the direction of the court). Clerks are entitled to quasi-judicial immunity when they perform "judicial act[s] . . . having an integral relationship with the judicial process." *Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (alteration in original) (citation omitted) (internal quotation marks omitted).

Newkirk faults Linda Smith, the Clerk of the Circuit Court for "deny[ing] Newkirk] transcripts, she also do not [sic] send my motions to other judges. 5th Amendment." (Compl. 5.) As a preliminary matter, Newkirk's Complaint fails to allege that Defendant Smith bears responsibility for providing Newkirk with transcripts, which are acquired typically from a court reporter, or for sending Newkirk's motions to other jurists. Even assuming Defendant Smith's duties include providing Newkirk with transcripts or forwarding motions to other judges, Newkirk fails to allege anything other

8

than an unsupported and conclusory claim. Finally, Newkirk fails to allege that Defendant Smith's actions fall outside of her judicially mandated duties, thus, she is immune from suit. *See, e.g., Wymore*, 245 F. App'x at 783 (finding clerk entitled to quasi-judicial immunity when refusing to file inmate's court documents); *Hutcherson v. Priest*, No. 7:10–cv–00060, 2010 WL 723629, at *3 (W.D. Va. Feb. 26, 2010) *Butler*, 2007 WL 4376135, at *3. Newkirk's claim against Defendant Smith will be dismissed.

### 4. Failure to State a Claim

Newkirk contends that "on 2/19/11 [Detective Rodey] did not read me my *Miranda*[ *v. Arizona*, 384 U.S. 436 (1966)] rights at the start of the interrogation[.] Violation of 5th + 14th Amendment." (Compl. 5.) The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. In order to protect the Fifth Amendment right, when a suspect is subject to "custodial interrogation," he must be warned of certain rights pursuant to *Miranda*. *Miranda*'s safeguards, however, "[are] not themselves rights protected by the Constitution, but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974); *see Connecticut v. Barrett*, 479 U.S. 523, 528 (1987) (*Miranda*'s warning requirement is "not itself required by the Fifth Amendment . . . but is instead justified only by reference to its prophylactic purpose") (citing *New York v. Quarles*, 467 U.S. 649, 654 (1984)). Accordingly, any alleged failure of Detective Rodey "to read *Miranda* warning to [Newkirk] did not violate [Newkirk's] constitutional rights and cannot be grounds for a § 1983 action." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (citation omitted).

Moreover, to the extent Newkirk alleges a Fifth Amendment violation, "the privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental trial right . . . . Although conduct by law enforcement officials prior to trial may ultimately impair that right, *a constitutional violation occurs only at trial.*" *United States v. Verdugo–Urquidez*, 494 U.S. 259, 264 (1990) (citations omitted) (emphasis added). Newkirk provides no allegation that any statement he may have made to Detective Rodey has been introduced against him at trial. Indeed, the record demonstrates that Newkirk has not yet been criminally tried. Newkirk fails to state a Fifth Amendment claim against Detective Rodey.

### D.    Conclusion

Accordingly, Newkirk's claims and the action will be dismissed with prejudice. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb 14, 2014
Richmond, Virginia

10